```
           IN THE UNITED STATES DISTRICT COURT FOR THE
                   EASTERN DISTRICT OF OKLAHOMA
```

JAMES ROASTINGEAR,            )
                              )
            Plaintiff,        )
                              )
v.                            )      Case No. CIV-13-057-RAW-KEW
                              )
CAROLYN W. COLVIN, Acting     )
Commissioner of Social        )
Security Administration,      )
                              )
            Defendant.        )

## REPORT AND RECOMMENDATION

Plaintiff James Roastingear (the "Claimant") requests judicial review of the decision of the Commissioner of the Social Security Administration (the "Commissioner") denying Claimant's application for disability benefits under the Social Security Act. Claimant appeals the decision of the Administrative Law Judge ("ALJ") and asserts that the Commissioner erred because the ALJ incorrectly determined that Claimant was not disabled. For the reasons discussed below, it is the recommendation of the undersigned that the Commissioner's decision be REVERSED and REMANDED for further proceedings consistent with this Report.

### Social Security Law and Standard of Review

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment. . ." 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social

Security Act "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. . ." 42 U.S.C. §423(d)(2)(A). Social Security regulations implement a five-step sequential process to evaluate a disability claim. *See*, 20 C.F.R. §§ 404.1520, 416.920.[1]

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g). This Court's review is limited to two inquiries: first, whether the decision was supported by substantial evidence; and, second, whether the correct legal

---

[1] Step one requires the claimant to establish that he is not engaged in substantial gainful activity, as defined by 20 C.F.R. §§ 404.1510, 416.910. Step two requires that the claimant establish that he has a medically severe impairment or combination of impairments that significantly limit his ability to do basic work activities. 20 C.F.R. §§ 404.1521, 416.921. If the claimant is engaged in substantial gainful activity (step one) or if the claimant's impairment is not medically severe (step two), disability benefits are denied. At step three, the claimant's impairment is compared with certain impairments listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1. A claimant suffering from a listed impairment or impairments "medically equivalent" to a listed impairment is determined to be disabled without further inquiry. If not, the evaluation proceeds to step four, where claimant must establish that he does not retain the residual functional capacity ("RFC") to perform his past relevant work. If the claimant's step four burden is met, the burden shifts to the Commissioner to establish at step five that work exists in significant numbers in the national economy which the claimant – taking into account his age, education, work experience, and RFC – can perform. Disability benefits are denied if the Commissioner shows that the impairment which precluded the performance of past relevant work does not preclude alternative work. *See generally,* Williams v. Bowen, 844 F.2d 748, 750-51 (10th Cir. 1988).

2

standards were applied.  Hawkins v. Chater, 113 F.3d 1162, 1164 (10th Cir. 1997)(citation omitted).  The term "substantial evidence" has been interpreted by the United States Supreme Court to require "more than a mere scintilla.  It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)).  The court may not re-weigh the evidence nor substitute its discretion for that of the agency.  Casias v. Secretary of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991). Nevertheless, the court must review the record as a whole, and the "substantiality of the evidence must take into account whatever in the record fairly detracts from its weight."  Universal Camera Corp. v. NLRB, 340 U.S. 474, 488 (1951); *see also*, Casias, 933 F.2d at 800-01.

### Claimant's Background

Claimant was born on August 24, 1959 and was 52 years old at the time of the ALJ's decision.  Claimant completed his education to the eleventh grade.  Claimant has worked in the past as a poultry plant laborer.  Claimant alleges an inability to work beginning September 1, 2006 due to limitations resulting from loss of hearing, diabetes, mental health issues, and back and leg pain.

**Procedural History**

On May 17, 2010, Claimant protectively filed for supplemental security income pursuant to Title XVI (42 U.S.C. § 1381, *et seq.*) of the Social Security Act. Claimant's application was denied initially and upon reconsideration. On September 13, 2011, an administrative hearing was held before Administrative Law Judge ("ALJ") Osly Deramus. On October 17, 2011, the ALJ issued an unfavorable decision on Claimant's application. The Appeals Council denied review of the ALJ's decision on December 6, 2012. As a result, the decision of the ALJ represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

**Decision of the Administrative Law Judge**

The ALJ made his decision at step five of the sequential evaluation. He determined that while Claimant suffered from severe impairments, he retained the RFC to perform light work with limitations.

**Error Alleged for Review**

Claimant asserts the ALJ committed error in (1) performing a faulty credibility analysis; (2) reaching an improper RFC determination; and (3) failing to fully develop the record.

**Credibility Analysis**

In his decision, the ALJ determined Claimant suffered from the severe impairments of degenerative disc disease of the lumbar spine, affective mood disorder, and hearing loss. (Tr. 12). The ALJ also found Claimant retained the RFC to perform light work except that he could only occasionally stoop, crouch, crawl, kneel, and balance. He could never climb ladders and can only occasionally climb stairs. The ALJ found Claimant must avoid even moderate exposure to noise and should wear hearing protection due to right side deafness and to preserve residual hearing in the left ear. Due to psychologically based factors, Claimant could perform only simple and no detailed or complex tasks and could relate to others on a superficial work basis only. The ALJ determined Claimant could adapt to a work situation. (Tr. 13). After consultation with a vocational expert, the ALJ found Claimant could perform the representative jobs of housekeeper cleaner, and packaging i.e. handbander which the vocational expert testified existed in sufficient numbers in the regional and national economies. (Tr. 17).

Claimant contends the ALJ erred in his evaluation of his credibility. Of course, the ALJ employs the oft used phrase that "the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not credible to the

5

extent they are inconsistent with the above residual functional capacity assessment." (Tr. 14). This Court has repeatedly rejected this statement as reversing the appropriate analysis - the ALJ should evaluate the statements of a claimant as a part of the evidence in arriving at an RFC rather than arrive at an RFC and determine whether a claimant's statements are consistent with it. However, this Court has also analyzed the remainder of the ALJ's decision to ascertain whether additional sufficient support exists in his reasoning for rejecting a claimant's subjective statements.

The ALJ found Claimant to be "a partially credible witness." (Tr. 15). He then proceeds to indicate that Claimant's statements as to the limiting effects of his impairments are inconsistent with prior statements he made to medical professionals. The ALJ also found that Claimant's activities of daily living were inconsistent with the level of limitation asserted by Claimant in his testimony. (Tr. 15).

It is well-established that "findings as to credibility should be closely and affirmatively linked to substantial evidence and not just a conclusion in the guise of findings." Kepler v. Chater, 68 F.3d 387, 391 (10th Cir. 1995). "Credibility determinations are peculiarly in the province of the finder of fact" and, as such, will not be disturbed when supported by substantial evidence. Id.

Factors to be considered in assessing a claimant's credibility include (1) the individual's daily activities; (2) the location, duration, frequency, and intensity of the individual's pain or other symptoms; (3) factors that precipitate and aggravate the symptoms; (4) the type, dosage, effectiveness, and side effects of any medication the individual takes or has taken to alleviate pain or other symptoms; (5) treatment, other than medication, the individual receives or has received for relief of pain or other symptoms; (6) any measures other than treatment the individual uses or has used to relieve pain or other symptoms (e.g., lying flat on his or her back, standing for 15 to 20 minutes every hour, or sleeping on a board); and (7) any other factors concerning the individual's functional limitations and restrictions due to pain or other symptoms. Soc. Sec. R. 96-7p; 1996 WL 374186, 3.).

By identifying that he found Claimant's testimony partially credible, the ALJ was obligated to identify which portions of the testimony was worthy of belief in light of the medical record and which portions were not. The ALJ did not go through this culling process under the rubric of Soc. Sec. R. 96-7p. On remand, he shall do so.

### RFC Determination

Claimant contends his testimony at the hearing indicated he

7

could not maintain the persistence and pace in order to completed a range of light work. He bases this statement upon his testimony that it took him two days to mow the lawn due to the pain in his lower back. (Tr. 33). Claimant also asserts that his hand problems to which he testified precludes him from performing light work. (Tr. 43). Since this Court cannot ascertain which statements made by Claimant during the hearing the ALJ considered credible and which he did not, the ALJ will be required to re-evaluate his RFC assessment after specifically identifying which of Claimant's statements he finds credible, if any.

### Duty to Develop the Record

Claimant contends the ALJ limited the duration of his counsel's examination of him at the administrative hearing to thirty minutes. At one point, the ALJ interrupted counsel's questioning of his client to inform him he had two minutes to wrap up his questioning. (Tr. 42). Claimant argues that his counsel was exploring the issue of medicinal side effects when cut off by the ALJ. He also intended to develop the record on the issue of non-exertional limitations. Certainly, a judicial officer has the ability to conserve court time and restrict irrelevant or repetitive arguments by counsel. However, in this case, this Court does not perceive counsel was exceeding any such bounds. On

8

remand, the ALJ should allow counsel sufficient time to explore all pertinent issues and elicit relevant testimony.

## Conclusion

The decision of the Commissioner is not supported by substantial evidence and the correct legal standards were not applied. Therefore, the Magistrate Judge recommends for the above and foregoing reasons, the ruling of the Commissioner of Social Security Administration should be **REVERSED and the case REMANDED** for proceedings consistent with this Report. The parties are herewith given fourteen (14) days from the date of the service of these Report and Recommendation to file with the Clerk of the court any objections, with supporting brief. Failure to object to the Report and Recommendation within fourteen (14) days will preclude appellate review of this decision by the District Court based on such findings.

DATED this 28th day of August, 2014.

_____
KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE